**NOT RECOMMENDED FOR PUBLICATION**

No. 22-1712

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ROBERT LEE DYKES, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
|  | ) STATES DISTRICT COURT FOR |
| CORRECTIONAL OFFICER BECKS; | ) THE WESTERN DISTRICT OF |
| CORRECTIONAL OFFICER BRAGER; | ) MICHIGAN |
| SARAH SCHROEDER, Warden, | ) |
| Defendants-Appellees. | ) |

O R D E R

Before: GILMAN, GIBBONS, and READLER, Circuit Judges.

Robert Lee Dykes, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint for failure to state a claim. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Seeking compensatory and punitive damages, Dykes filed a complaint under 42 U.S.C. § 1983 against three officials at Alger Correctional Facility: Warden Sarah Schroeder and Correctional Officers Becks and Brager. Dykes alleged that Becks issued him a false misconduct report on December 2, 2021, and that a hearing officer subsequently found him not guilty of the charge. On December 13, 2021, Dykes sent complaints to the Civil Service and Internal Affairs Departments about Becks's alleged falsification of the misconduct report. Dykes also alleged that, several weeks later, on January 23, 2022, Becks conducted a shakedown of his cell and damaged his personal property. That same day, Dykes filed a grievance, asserting that Becks damaged his

personal property in retaliation for the complaint Dykes filed with the Internal Affairs Department. Dykes further alleged that, six days later, Becks sent Brager to conduct a shakedown of his cell and that Brager cracked the casing of his typewriter during this shakedown. Dykes later filed a grievance, asserting that this shakedown was an act of retaliation on behalf of Becks and that he was being harassed by being targeted for shakedowns. On March 10, 2022, Dykes alleged, a prisoner named Harris told him that, on January 23, 2022, Becks asked Harris if Harris knew someone who would assault Dykes and take him to segregation. When Harris told Becks, "No," Becks replied, "I'll find somebody." Dykes sent a letter to Schroeder about Becks's alleged threat on March 10, 2022, and again on March 18, 2022; Schroeder never responded to his correspondence. In his "concise statement of claims," Dykes asserted that Becks and Brager violated his First Amendment right to be free from retaliatory actions by conducting shakedowns of his cell and damaging his personal property; that Becks violated his Eighth Amendment right "to be free [from] mental abuse caused by his retaliatory actions"; and that Schroeder violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to act in response to the threat of imminent danger to his well-being.

Upon initial review, the district court dismissed Dykes's complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c). This timely appeal followed.

We review de novo the district court's dismissal of Dykes's complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A, and under 42 U.S.C. § 1997e(c). *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012). To avoid dismissal under these statutes, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dykes's pro se complaint "is to be read liberally." *Davis*, 679 F.3d at 437.

The district court concluded that Dykes failed to state a retaliation claim under the First Amendment against Becks and Brager. A First Amendment retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The district court determined that Dykes's complaint about Becks to the Internal Affairs Department qualified as protected conduct and that the shakedowns of his cell with accompanying property damage as well as Becks's alleged attempt to find another inmate to assault him arguably constituted adverse actions taken against him. According to the district court, Dykes's retaliation claims failed at the third element—he failed to allege sufficient facts to support an inference of retaliatory motive.

The third "element addresses whether the defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct." *Hill*, 630 F.3d at 475. "[B]ecause of the difficulty in producing direct evidence of an official's retaliatory motive, circumstantial evidence can suffice." *Id*. Such "circumstantial evidence can include the disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action." *Id*. at 475-76. Dykes alleged that, a month after he submitted complaints about Becks's alleged falsification of the misconduct report, Becks conducted the first shakedown of his cell and damaged his personal property. Dykes filed a grievance about the shakedown that same day. Also on that day, Becks allegedly asked another inmate if the inmate knew someone who would assault Dykes and send him to segregation. Six days later, Dykes alleged, Becks sent Brager to conduct another shakedown of his cell. According to Dykes, Brager searched only Dykes's area of control and damaged his typewriter. Construed in the light most favorable to Dykes, these factual allegations collectively satisfy the third element: a month after Dykes filed complaints about Becks, Becks (and Brager acting at Becks's direction) targeted Dykes for two shakedowns of his cell within a week and attempted to find an inmate to assault Dykes. The district court therefore erred in dismissing Dykes's First Amendment retaliation claims against Becks and Brager.

The district court concluded that Dykes failed to state an Eighth Amendment claim against Schroeder. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate-indifference claim under the Eighth Amendment "includes both an objective and subjective prong." *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" which requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the subjective prong, a prison official cannot be held liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

Dykes alleged that Schroeder violated his Eighth Amendment right to be free from cruel and unusual punishment when Schroeder failed to act in response to the threat of imminent danger to Dykes's well-being. In a letter to Schroeder dated March 10, 2022, Dykes asserted that he had just learned that, on January 23, 2022, Becks asked another inmate if the inmate knew someone who would assault Dykes and take him to segregation, and that Becks told the inmate that he would find somebody. The facts alleged by Dykes do not support an inference that he was facing a substantial risk of serious harm when he wrote to Schroeder about Becks's alleged statement nearly two months earlier—which Dykes himself characterized as a "failed threat." Nor do the facts support an inference that Schroeder knew of and disregarded an excessive risk to Dykes's health or safety. The district court properly dismissed Dykes's Eighth Amendment claim against Schroeder.

Dykes alleged that Becks sought out another prisoner to assault him, thereby violating his Eighth Amendment right "to be free [from] mental abuse caused by [Becks's] retaliatory actions." But Becks's apparently unsuccessful attempt to find a prisoner to assault Dykes—about which Dykes learned nearly two months later—does not amount to an Eighth Amendment violation. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). *But see Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020) (holding that "a prisoner states an Eighth Amendment claim by alleging that, without provocation, a prison official

threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible").

    For these reasons, we **AFFIRM** the district court's dismissal of Dykes's Eighth Amendment claims against Schroeder and Becks, **VACATE** the district court's dismissal of Dykes's First Amendment retaliation claims against Becks and Brager, and **REMAND** for further proceedings as to those claims.

                                ENTERED BY ORDER OF THE COURT

                                Deborah S. Hunt, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 01/23/2023.

**Case Name:** Robert Dykes v. Becks, et al
**Case Number:** 22-1712

**Docket Text:**
ORDER filed: We AFFIRM the district court's dismissal of Dykes's Eighth Amendment claims against Schroeder and Becks, VACATE the district court's dismissal of Dykes's First Amendment retaliation claims against Becks and Brager, and REMAND for further proceedings as to those claims. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Ronald Lee Gilman, Circuit Judge; Julia Smith Gibbons, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Robert Lee Dykes
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins