UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES #201541,

    Plaintiff,

v.

UNKNOWN BECKS, et al.,

    Defendants.

                             /

Case No.  2:22-cv-00109

Hon.  Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Report and Recommendation addresses Defendants' motion for summary judgment.  (ECF No. 43.)

On May 26, 2022, state prisoner Robert Lee Dykes filed a civil complaint pursuant to 42 U.S.C. § 1983 against Alger Correctional Facility Warden Schroeder and Corrections Officers (CO) Becks and Brager.  The complaint asserted First Amendment and Eighth Amendment claims.  About two months later, this Court entered an opinion and order dismissing the complaint.  (ECF Nos. 8 and 9.)  Dykes appealed this decision.  On January 23, 2023, the Sixth Circuit affirmed the dismissal of Dykes's Eighth Amendment claims against Warden Schroeder and CO Becks, but vacated the dismissal of Dykes's First Amendment retaliation claims against Defendants CO Becks and Brager. (*Id.*)

Dykes alleges that after he was found not guilty on a misconduct ticket issued to him by Becks, he sent complaints to the Civil Service and Internal Affairs Departments regarding Becks's alleged falsification of the misconduct report. This allegedly took place on December 13, 2021. Dykes says that on January 23, 2022, Becks attempted to get prisoner Harris to assault Dykes so that Dykes could be placed in segregation. When Harris refused that plan, Becks allegedly stated that he would find someone else. Approximately fifteen minutes later, Becks allegedly conducted a shakedown of Dykes's cell and damaged his personal property. Dykes filed a grievance against Becks that day, after he obtained a grievance form from Becks. Six days later, Becks told Brager to conduct a shakedown of Dykes's cell. Brager conducted the shakedown and damaged Dykes's typewriter.

Defendants Becks and Brager have filed a motion for summary judgment arguing that Dykes cannot support his retaliation claim by relying solely on the temporal proximity between the cell shakedowns and the December 13, 2021, complaints that Dykes sent to the Civil Service and Internal Affairs Departments. In other words, the remaining Defendants challenge the evidence supporting the causation element of Dykes's retaliation claim.

In the opinion of the undersigned, a genuine issue of material fact exists on the issue of whether Defendants acted with retaliatory motivation when they searched Dykes's cell and destroyed his personal property. It is respectfully recommended that the Court deny Defendants' motion for summary judgment.

2

## II. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## III. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

After a prisoner establishes the first two elements, the prisoner must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In reversing this Court's dismissal of the retaliation claim against Defendants Becks and Brager, the Sixth Circuit Court of Appeals stated the following:

> The third "element addresses whether the defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct." *Hill*, 630 F.3d at 475. "[B]ecause of the difficulty in producing direct evidence of an official's retaliatory motive, circumstantial evidence can suffice." *Id*. Such "circumstantial evidence can include the disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action." *Id*. at 475-76. Dykes alleged that, a month after he submitted complaints about Beck's alleged falsification of the misconduct report, Becks conducted the first shakedown of his cell and damaged his personal property. Dykes filed a grievance about the shakedown the same day. Also on that day, Becks allegedly asked another inmate if the inmate knew someone who would assault Dykes and send him to segregation. Six days later, Dykes alleged, Becks sent Brager to conduct another shakedown of his cell. According to Dykes, Brager searched only Dyke's area of control and damaged his typewriter. Construed in the light most favorable to Dykes, these factual allegations collectively satisfy the third element: a month after Dykes filed complaints about Beck, Becks (and Brager acting at Beck's direction) targeted Dykes for two shakedowns of his cell within a week and attempted to find an inmate to assault Dykes. The district court therefore erred in dismissing Dykes's First Amendment retaliation claims against Becks and Brager.

*Dykes v. Becks*, No. 22-1712, *3 (6th Cir. Jan. 23, 2023) (ECF No. 16).

Defendants argue that since discovery has revealed that Dykes is relying solely on temporal proximity to support the causation element of his retaliation claim, they

4

are entitled to summary judgment. Defendants cite *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010) for authority that temporal proximity alone is not enough to establish retaliatory motive.

In *Hill*, the Sixth Circuit relied on *Holzemer v. City of Memphis*, 621 F.3d 513, 512 (6th Cir. 2010). The Sixth Circuit in *Holzemer* explained:

> The plaintiffs argue that temporal proximity provides the necessary circumstantial evidence. "In analyzing the facts in temporal proximity cases, we have always looked at the totality of the circumstances to determine whether an inference of retaliatory motive could be drawn." *Vereecke v. Huron Valley Sch. Dist.,* 609 F.3d 392, 401 (6th Cir.2010). We have found that "the temporal proximity between ... filing ... grievances and the [adverse action] provides some circumstantial support for a causal connection" but have been reluctant to find that such evidence without more can demonstrate "that the filing of grievances was a substantial or motivating factor." *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir. 2001). More recently, in the employment context, we summarized our case law on the weight given to temporal proximity in First Amendment retaliation cases "as recognizing the possibility that, on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that often evidence in addition to temporal proximity is required to permit the inference." *Vereecke,* 609 F.3d at 401.

*Id*. at 526.

In the opinion of the undersigned, the totality of the facts provides more than simply temporal proximity between the alleged protected activities and the adverse actions by Defendants. For example, in addition to submitting the December 13, 2021, complaints to the Civil Service and Internal Affairs Departments, Dykes presented other evidence to support an inference of retaliatory motivation. Specifically, Dykes says that after he submitted his complaints to the Civil Service

5

and Internal Affairs Departments, Becks started a pattern of harassment that included the following:

- On January 23, 2002, Becks sought out prisoner Harris, allegedly to have him assault Dykes to provide an excuse to move Dykes to segregation.  (ECF No. 1-9, PageID.49 (Harris Declaration).)
- When Harris refused to assault Dykes, Becks stated he would find someone else to do it.  (*Id*.)
- Approximately fifteen minutes after he solicited Harris to assault Dykes, Becks searched Dykes's cell and damaged Dykes's personal property.  (ECF No. 1, PageID.5.)
- After Dykes obtained a grievance form from Becks and filed a grievance, Becks told Brager to conduct a cell shakedown of Dykes's cell.  (ECF No. 45, PageID.45 (Dykes's Declaration), ECF No. 1-8, PageID.47 (Denson Declaration).)
- Brager conducted a cell shakedown of Dykes's cell and destroyed Dykes's typewriter.  (ECF No. 45, PageID.271.)

The Court acknowledges that both Defendants have submitted affidavits stating that they were unaware of the complaints that Dykes submitted to the Civil Service and Internal Affairs Departments (ECF No.44-2 (affidavit of Becks), ECF No. 44-3 (affidavit of Brager)).  However, Defendants' affidavits only serve to create genuine issues of material fact.  In the opinion of the undersigned, a genuine issue of material fact exists on the causation element of Dykes's retaliation claim.

6

## IV.  Recommendation

It is respectfully recommended that the Court deny Defendants' motion for summary judgment.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    February 27, 2024                                        /s/ *Maarten Vermaat*
                                                                   MAARTEN VERMAAT
                                                                   U.S. MAGISTRATE JUDGE