UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES,

    Plaintiff,

v.

UNKNOWN BECKS, et al.,

    Defendants.
_____/

CASE No. 2:22-CV-109

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 47) and Defendants' Objection to the Report and Recommendation (ECF No. 48). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Defendants' objections.   After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends denying Defendants Becks and Brager's motion for summary judgment (ECF No. 43) which seeks summary judgment on the remaining First Amendment retaliation claim.   In the objections, Defendants primarily reiterate and expand upon arguments presented in the original brief.   Their objections fail to deal in a meaningful way with the Magistrate Judge's analysis.   The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.   The Magistrate Judge properly analyzed Plaintiff's claims.   Nothing in Defendant's Objections changes the fundamental analysis.   As the Magistrate Judge reasoned, at the screening stage the Sixth Circuit Court of Appeals previously determined that a fact finder could find the third element of a retaliation claim—causation—met based on a totality of the circumstances.   Defendants object that the circumstances supporting causation have now been distilled down purely to temporal proximity which, they claim, is not enough to create a triable issue.   But the Magistrate Judge's decision is not based on temporal proximity alone.   Rather he listed additional facts supporting a claim of retaliatory harassment. Defendants maintain, based on the assertions in supporting affidavits, that they would have taken those actions regardless of any protected conduct.   "But a mere denial of retaliatory intent is insufficient to permit a defendant to prevail on summary judgment."   Hazel v. Quinn, 933 F. Supp. 2d 884, 890 (E.D. Mich. 2013) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)).   A jury may or may not credit the Defendants' testimony over the inferences Plaintiff draws.   But it is not for the Court to make such a credibility assessment at the summary judgment stage of proceedings.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 47) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 43) is **DENIED.**

Dated:   March 19, 2024          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE

3